POOLE *v.* WINTON *et al.*

*(Supreme Court, General Term, First Department.* November 13, 1891.)

EQUITY PLEADING—MULTIFARIOUSNESS—CANCELLATION OF MORTGAGES—DAMAGES.
 A complaint in equity whereby plaintiff seeks to have certain mortgages, liens on the property described in the complaint, declared void, and canceled, and that the premises be declared free of the liens thereof, and to recover damages for the breach of the contract in pursuance of which the mortgages were executed, states but one cause of action.

Appeal from special term, New York county.

Action by Mary A. Poole, plaintiff, against Burton G. Winton and others, defendants. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Myndert A. Vosburgh,* for appellants McConnell and others. *Abner C. Thomas,* for appellant Winton. *George W. Carr,* for respondent.

INGRAHAM, J. We think that the complaint contains one cause of action in equity, whereby the plaintiff seeks to have certain mortgages which are liens upon the property described in the complaint declared void; that the same be delivered up and canceled; and that the premises be declared free and clear of the liens thereof; and to recover damages for the breach of the contract in pursuance of which said mortgages were executed. The complaint alleges that the plaintiff is the owner of the premises covered by the mort-

gage; that a certain contract was made between Sidney G. Poole and the defendants C. B. Keogh & Co.; that in pursuance of such contract certain mortgages were executed, and that subsequently the premises in question were conveyed to the plaintiff; that the said mortgages are apparent liens upon said premises, but were without consideration, or made in violation of the said contract; and the plaintiff asks damages for a breach of the contract, and that the mortgages be declared void and be canceled. The relief demanded by plaintiff is equitable. To remove a cloud upon the title to real estate requires the resort to a court of equity, and, where the court acquires jurisdiction because of the nature of the relief asked, it retains such jurisdiction so as to give to the parties all the relief to which they are entitled; and in such an action it is proper to make all persons parties who have an interest in the property to be affected by the judgment applied for, or who are necessary parties for the complete determination or settlement of all questions involved therein, (Code, § 447;) and it appears that the defendants are proper parties, within the provision of this section. We think that, on the facts stated in the complaint, the plaintiff will be entitled to at least a portion of the relief asked for, and that it does not appear on the face of the complaint that the plaintiff can obtain such relief in the action pending between plaintiff and the C. B. Keogh Manufacturing Company. The demurrer was therefore properly overruled, and the judgment should be affirmed, with costs.

All concur.